[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13482
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cr-00034-RV-2

UNITED STATES OF AMERICA,

Plaintiff -Appellee,

versus

JAMES E. ATIABI,

Defendant -Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 6, 2014)

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

James Eric Atiabi appeals his sentence of 162 months of imprisonment after pleading guilty to one count of conspiracy to possess and distribute pseudoephedrine. 21 U.S.C. §§ 841(c)(2), 846. Atiabi argues that his sentence below the advisory guideline range is unreasonable because his criminal history category of VI overstated his criminal history, the district court miscalculated his base offense level, and the district court failed to give enough weight to his history of mental health issues and fundamental problems with respect to methamphetamine and pseudoephedrine under the Sentencing Guidelines. We affirm.

We review the reasonableness of a sentence under a deferential standard for abuse of discretion. United States v. Irey, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc). We may review whether a district court erred in concluding that it lacked the authority to apply a downward departure, United States v. Hadaway, 998 F.2d 917, 919 (11th Cir. 1993), but we lack jurisdiction to review a refusal to apply a downward departure, United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). We review for clear error a finding of the quantity of drugs used to calculate a base offense level. United States v. Simpson, 228 F.3d 1294, 1298 (11th Cir. 2000). A district court may base a finding on undisputed facts contained in the presentence investigation report. United States v. Philidor, 717 F.3d 883, 885 (11th Cir. 2013).

Atiabi's sentence is reasonable.  To the extent that Atiabi contends that the district court should have granted him a downward departure sua sponte, we lack jurisdiction to review a refusal to depart downward.  Winingear, 422 F.3d at 1245.  And there is nothing in the record to suggest that the district court misunderstood whether it had the authority to grant a departure.  Hadaway, 998 F.2d at 919.   The court also committed no clear error in calculating Atiabi's drug quantity to establish his base offense level.  The district court relied on undisputed facts in the presentence investigation report and Atiabi's signed statement of facts to determine the drug quantity.  Philidor, 717 F.3d at 885.  The use of attempted purchases also complied with guidance on relevant conduct found in the Sentencing Guidelines.  Simpson, 228 F.3d at 1298.  Atiabi's sentence is below the advisory guideline range and well below the statutory maximum sentence.   The district court did not abuse its discretion.

**AFFIRMED.**